UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD G. BEAGLES, | ) |
| Petitioner, | ) CASE NO. C02-203-MJP-MJB |
| v. | ) SECOND REPORT AND |
| MAGGIE MILLER-STOUT, | ) RECOMMENDATION |
| Respondent. | ) |

## I. INTRODUCTION

Petitioner Ronald G. Beagles is a state prisoner currently in custody in community placement after serving his sentence. Proceeding *pro se*, he seeks relief under 28 U.S.C. § 2254 from his 1998 conviction in King County Superior Court on one count of second degree assault. For the reasons set forth below, this Court concludes that petitioner's habeas petition should be DISMISSED pursuant to Fed. R. Civ. P. 41(b).

## II. BACKGROUND AND DISCUSSION

Petitioner originally filed this § 2254 petition in February 2002. He requested

SECOND REPORT AND
RECOMMENDATION
Page - 1

federal habeas relief on the following fifteen grounds[1]:

    (1)    Severance/Adversarial Codefendants - denied severance from adversarial codefendant;

    (2)    Denied Opportunity to Present a Defense - I was not allowed to testify in my own defense or to call a witness (my treating psychiatrist);

    (3)    Trial by separate juries - denied request for separate juries;

    (4)    Brady violation - medical evidence, crime scene and wound photographs, and criminal records relating to codefendant were withheld;

    (5)    Right to Attorney Denied - attorney right was denied at critical state when I was unable to continue *pro se*

    (6)    Jury Instructions (Self-Defense) - self defense jury instructions were defective;

    (7)    Speedy Trial - more than one continuance granted to codefendant, thereby denying petitioner's right to speedy trial;

    (8)    Change of Venue/Prejudice by Presiding Judge - presiding judge failed to take action to correct her subordinate judges;

    (9)    14th Amendment/Equal Protection - codefendants were not treated equally;

    (10)    Self-defense/Charging Format - charging format by the state precluded the opportunity to present a proper self-defense;

    (11)    Double Jeopardy/Matter of 1st Impression - the old law having been repealed and the current law replacing, now provides the legislative intent required to enhance the crimes, only if a higher level than 2° assault, with a weapon enhancement;

    (12)    Prosecutor Misconduct/Opening & Closing Statements; Charging Format; Actions Repeated from a Prior Conviction Which Was Overturned for Prosecutor Misconduct;

    (13)    Due Process/Ex Parte Violation (Prosecutor);

    (14)    Eight Amendment/Excessive Bail; Contempt for Opinions of

---

[1] The Court has summarized the supporting facts included with some of these grounds.

SECOND REPORT AND
RECOMMENDATION
Page - 2

Medical Experts; and

(15)   State to Uphold U.S. Constitution - all state courts, including appellate and supreme courts, have a duty to uphold the U.S. Constitution.

Dkt. #2 at 4-9. On July 1, 2002, after respondent filed an answer and petitioner filed a reply, Magistrate Judge Ricardo S. Martinez issued a Report and Recommendation that the § 2254 petition be dismissed without prejudice for failure to exhaust state remedies because petitioner failed to present at least fourteen of his claims to the state's highest court as required.[2] Dkt. #16. On September 16, 2002, District Judge Marsha J. Pechman adopted the Report and Recommendation, dismissing petitioner's § 2254 habeas petition without prejudice. Dkt. #20.

Petitioner appealed the dismissal of his habeas petition to the Ninth Circuit Court of Appeals, which, in its memorandum disposition of this matter, concluded that "[a]fter the district court determined that the instant § 2254 petition was a mixed petition, the district court erred by affirmatively foreclosing the option of proceeding with the exhausted claim and requesting a stay." *Beagles v. Miller-Stout*, 125 F. Appx. 159 (9th Cir. 2005) (mem.). On April 28, 2005, the Ninth Circuit issued a mandate that vacated and remanded the judgment of the district court. Dkt. #27. This matter was subsequently referred to the undersigned magistrate judge, who, on October 7, 2005, issued an Order directing petitioner to amend his habeas petition within thirty (30) days to delete the unexhausted claims and inform the Court whether he wished to proceed

---

[2]The Court noted that "[o]nly one claim regarding the 'DUTY of the Supreme Court to protect citizen's rights under the State & U.S. Constitutions' was even arguably presented to the Washington Supreme Court." Dkt. #16 at 4 (cite to record omitted). The Court further noted that "if petitioner were to proceed on the single claim that may have been properly exhausted (one which does not appear to entitle him to habeas relief), he would be foreclosed from presenting his remaining claims in a later successive petition." *Id.* at 5 (citing 28 U.S.C. § 2254(b)(2)).

SECOND REPORT AND
RECOMMENDATION
Page - 3

1  //

2  //

3

4  with his one exhausted claim or stay the habeas petition to allow him to exhaust the

5  unexhausted claims and later add them by amendment to the stayed federal petition.

6  Dkt. #29.

7        On November 22, 2005, petitioner filed his amended habeas petition, which is

8  now before this Court. Dkt. #31. In the amended petition, Petitioner's argues the

9  following ten grounds for relief:

> (1) Erroneous self-defense instruction and failure by trial court to grant new trial based on challenge of the erroneous instruction.
>
> (2) Trial court failed to give a "no duty to retreat" instruction to the jury and denied the post-conviction challenge to this error in a request for a new trial.
>
> (3) The trial court erred in giving an aggressor instruction, No. 15, and further erred by denying motion for new trial which challenged the instruction.
>
> (4) The trial court erred by denying defendant's motion to sever his trial from his adversarial co-defendant and further erred by denying a new trial based on the post-conviction challenge of this error.
>
> (5) The trial court refused to allow relevant testimony from defendant's treating psychiatrist, Dr. John E. Hamm, M.D., and further refused a new trial based on the challenge to this exclusion, in a post- conviction motion for a new trial.
>
> (6) The trial court erred in denying a continuance so that I could be represented by new counsel when I could no longer continue acting as my own (Pro Se) counsel due to psychiatric reasons, pressures relating to the proceedings of this trial, and court's refusal to grant the necessary motions (of severance, Psychiatric testimony, etc.) to ensure a fair trial of the charge.
>
> (7) The trial court erred by refusing to vacate and dismiss the firearm

1 enhancement.

2 (8) Brady violations; discovery was withheld relating to the codefendant Vernon Mitchell. The information withheld would have
3 allowed for an effective impeachment of the co-defendant when he testified at trial.

4

5 (9) Excessive bail pending appeal which violated U.S. 8th and 14th Amendments.

6 (10) Prosecutor misconduct which was repeated from another wrongful charging of 2nd Degree Assault in a previous case in 1984, 13 years prior
7 to the year of this instant case.

8 Dkt. #31 at 4-17.

9 Having carefully reviewed the amended habeas petition, the undersigned

10 concludes that petitioner has failed to comply with the Court's October 2005 order,

11 directing him to amend his mixed petition to delete the unexhausted claims. Dkt. #29 at

12 2. The Court notes that petitioner's amended habeas petition neither includes the one

13 exhausted claim from his original mixed petition (*see supra* note 1) nor requests to

14 proceed with the exhausted claim or stay the petition. Indeed the grounds for relief

15 stated in the amended habeas petition, though fewer in number and organized in a

16 different sequence, essentially mirror or restate many of the fourteen unexhausted

17 grounds (*see supra* pp. 2-3 - Grounds 1, 2, 4, 5, 6, 11, 12, 14) that petitioner raised in

18 his mixed petition. Having fully addressed the basis for concluding that those fourteen

19 grounds were unexhausted in the July, 2002 Report and Recommendation, the Court

20 does not restate that discussion here. *See* Dkt. #16 at 4-9. The law is clear that "unless

21 it appears that the applicant has exhausted the remedies available in the courts of the

22 state" habeas relief is not available. *See* § 2254(b)(1)(A).

23 III. <u>CONCLUSION</u>

24

1  For the reasons stated above, the undersigned recommends petitioner's § 2254 be
2  denied and this action dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to comply
3  //
4  with the Court's October, 2005 Order. A proposed order accompanies this Report and
5  Recommendation.
6  DATED this 7th day of September, 2006.

MONICA J. BENTON
United States Magistrate Judge

SECOND REPORT AND
RECOMMENDATION
Page - 6